JS 44 (Rev. 11/04)

# CIVIL COVER SHEET
County in which this action arose    Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Brian Rundel | City of Detroit, Detroit Police Department Officer Travis Kostanko and Officer William Zeolla |
| **(b)** County of Residence of First Listed Plaintiff    Wayne | County of Residence of First Listed Defendant    Wayne |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Brian Randazzo, 2731 S. Adams Road, Suite 100, Rochester Hills, MI 48309 (248) 853-1003 | Attorneys (If Known)<br>Marion R. Jenkins, 660 Woodward Avenue, 1650 First National Building, Detroit, MI 48226 (313) 237-3032 |

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN    (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1983.
Brief description of cause:    Assault and Battery

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23       DEMAND $ 25,000       CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)    JUDGE _____   DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                        ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other          ☐ Yes
            court, including state court? (Companion cases are matters in which      ☒ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :

UNITED STATES DISTRICT COURT
EASTERN DISTRICT - SOUTHERN DIVISION

**BRIAN RUNDEL,**

      Plaintiff,

vs.

**CITY OF DETROIT, DETROIT POLICE
DEPARTMENT, OFFICER TRAVIS KOSTANKO,
and OFFICER WILLIAM ZEOLLA,**

      Defendants.

USDC Case No.
Honorable:

---

| **DANIEL RANDAZZO (P-34935)** | **MARION R. JENKINS (P-26237)** |
|---|---|
| Attorney for Plaintiff | Assistant Corporation Counsel |
| 2731 S. Adams Road, Suite 100 | Attorney for Defendant City of Detroit |
| Rochester Hills, MI 48309 | 660 Woodward Avenue |
| (248) 853-1003 | 1650 First National Building |
| | Detroit, MI 48226 |
| | (313) 237-3032 |

---

## NOTICE OF REMOVAL

    **NOW COMES** Defendant, City of Detroit, a municipal corporation, by and through its undersigned counsel and for its Notice of Removal pursuant to 28 U.S.C. Section 1441 says as follows:

    1.    This action was commenced on March 27, 2009 in the Circuit Court for the Third Judicial Circuit of Michigan and is now pending in that court.

    2.    On April 8, 2009, a Summons and a copy of the Complaint in this action was served on the Defendant.

    3.    On information and belief, no Defendant other than the Defendant filing this notice has been served in this action. Inspection of Wayne County Circuit Court records for Civil Action No. 09-007226 NO shows no proof of service has been filed with respect to any other Defendant.

    4.    The Plaintiff alleges in his Complaint that he is a resident of Michigan.

    5.    This is a civil action in which the Plaintiff seeks monetary relief for the alleged

K:\DOCS\LIT\JENKMR\A37000\REMOVAL\ML7314.WPD

misconduct of the Defendant which is alleged to have resulted in the deprivation of certain rights protected by provisions of the United States Constitution.  The Defendant removes the action to this Court, invoking the Court's federal question jurisdiction, because the Plaintiff bases the action on the United States Constitution and on 42 U.S.C. Sec. 1983.

6.      This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. Sec. 1331, and the action is removable to this Court pursuant to 28 U.S.C. Secs. 1441(a) and (b).

7.      That pursuant to 28 U.S.C. Sec. 1367 this Court has supplemental jurisdiction over the common law state claims Plaintiff alleges.

8.      Copies of all pleadings served upon the Defendants are attached.  The Defendant has received no orders concerning this action.

9.      This Notice is filed within thirty days after first receipt by any Defendant of a copy of the Complaint, which is the initial pleading setting forth the claim for relief upon which this action is based.

10.     This action is not removed on the basis of jurisdiction conferred by 42 U.S.C. Sec. 1331 and is removed within one year after commencement of the action.

11.     The undersigned has prepared a written notice of the removal of this action addressed to counsel for the Plaintiff and to the Clerk of the Court from which this action is being removed.  Promptly after filing this Notice of Removal of Civil Action, the undersigned will cause copies of that written notice to be filed with the Clerk of the Court from which this action is being removed and mailed by first-class mail to counsel for the Plaintiff.

**WHEREFORE,** Defendant, City of Detroit, a municipal corporation, removes this action to this Court.

Respectfully submitted,

/s/ Marion R. Jenkins
Assistant Corporation Counsel
Attorney for Defendant City of Detroit
660 Woodward Avenue
1650 First National Building
Detroit, MI   48226

K:\DOCS\LIT\JENKMR\A37000\REMOVAL\ML7314.WPD

(313) 237-3032
Jenkmr@detroitmi.gov
(P-26257)

Dated:    April 27, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2009, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to the following:

Daniel Randazzo
2731 S. Adams Road, Suite 100
Rochester Hills, MI  48304-5513

and hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants(s):

None.

Respectfully submitted,

/s/ Marion R. Jenkins
Assistant Corporation Counsel
Attorney for Defendant City of Detroit
660 Woodward Avenue
1650 First National Building
Detroit, MI  48226
(313) 237-3032
Jenkmr@detroitmi.gov
(P-26257)

Dated:    April 27, 2009

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**BRIAN RUNDEL,**

       Plaintiff,                    Case No.
                                         Honorable:

vs.

**CITY OF DETROIT, DETROIT POLICE
DEPARTMENT, OFFICER TRAVIS KOSTANKO,
and OFFICER WILLIAM ZEOLLA,**

       Defendants.

| | |
|---|---|
| **DANIEL RANDAZZO (P-34935)** | **MARION R. JENKINS (P-26237)** |
| Attorney for Plaintiff | Assistant Corporation Counsel |
| 2731 S. Adams Road, Suite 100 | Attorney for Defendant City of Detroit |
| Rochester Hills, MI  48309 | 660 Woodward Avenue |
| (248) 853-1003 | 1650 First National Building |
| | Detroit, MI   48226 |
| | (313)  237-3032 |

### NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

TO:    Daniel Randazzo                 Clerk of the Court
         2731 S. Adams Road, Suite 100    Wayne County Circuit Court
         Rochester Hills, MI  48309       Two Woodward Avenue
                                           201 Coleman A. Young Municipal Center
                                           Detroit, MI  48226

      **PLEASE TAKE NOTICE** that on April 27, 2009, the Defendant, City of Detroit, filed a **NOTICE OF REMOVAL OF CIVIL ACTION** to the United States District Court for the Eastern District of Michigan.  A copy of that Removal is attached.  This action is thereby removed to the United States District Court, and this Court is precluded from proceeding further unless and until the case is remanded.

                                   Respectfully submitted,

                                    _____
                                    Marion R. Jenkins (P-26257)
                                    Assistant Corporation Counsel
                                    Attorney for Defendant City of Detroit
                                    660 Woodward Avenue

K:\DOCS\LIT\JENKMR\A37000\REMOVAL\ML7314.WPD

1650 First National Building
Detroit, MI   48226
(313) 237-3032

Dated:   April 27, 2009

# **INDEX OF EXHIBITS**

Exhibit A - Summons

Exhibit B - Complaint

# **EXHIBIT A**

Summons

STATE OF MICHIGAN
THIRD CIRCUIT COURT



**SUMMONS AND
RETURN OF SERVICE**

CASE NO.        09-007226-NO

| COURT<br>ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT<br>TELEPHONE NO. (313) 224- |
|---|---|

THIS CASE ASSIGNED TO JUDGE:     Kathleen Macdonald                    Bar Number: 38029

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| RUNDEL, BRIAN | VS | DETROIT CITY OF |

PLAINTIFF'S ATTORNEY

Randazzo, Daniel
(P-39935)
2731 S Adams Rd Ste 100
Rochester Hills, MI 48309-5513
(248)  853-1003

RECEIVED  GP
12 40 pm

APR 0 8 2009

CITY OF DETROIT
LAW DEPARTMENT

| CASE FILING FEE | | JURY FEE | |
|---|---|---|---|
| Paid | | Paid | |
| **ISSUED** | **THIS SUMMONS EXPIRES** | **DEPUTY COUNTY CLERK** | |
| 03/27/2009 | 06/26/2009 | Pamela Oliver | |

*This summons is invalid unless served on or before its expiration date.          Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
|  |  |  |

The action      ☐ remains    ☐ is no longer    pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

_____                                          _____
Date                                                                     Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)    .MC.01 .(10/97)          **SUMMONS AND RETURN OF SERVICE**          MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
DEFENDANT

# **EXHIBIT B**

Complaint



JURY FEE PAID
MAR 2 7 2009

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY WAYNE

BRIAN RUNDEL

       Plaintiff,

v.

CITY OF DETROIT, DETROIT POLICE
DEPARTMENT, OFFICER TRAVIS KOSTANKO
And OFFICER WILLIAM ZEOLLA

       Defendants.

Case:             *NO*

Hon:

_____/

DANIEL RANDAZZO (P39935)
Attorney for Plaintiff
2731 S. Adams Rd., Suite 100
Rochester Hills, MI 48309
(248) 853-1003

_____/

There is no other civil action between these parties arising out of the same transaction as alleged in this complaint pending in this Court. An action had been previously filed and dismissed without prejudice in Federal Court involving these parties: that being case number: 2.:08-CV-13194.

## **COMPLAINT**

Plaintiff, Brian Rundel, by and through his attorney, Daniel Randazzo, and for his complaint against Defendants, City of Detroit, Detroit Police Department, Officer Travis Kostanko, and Officer William Zeolla, states as follows:

1.     That at the time of the incident Plaintiff, Brian Rundel (hereinafter "Rundel"), was a resident of the County of Wayne, State of Michigan.

2.     That Defendant, City of Detroit, (hereinafter "City of Detroit") is a municipal corporation located in the State of Michigan, as is it's political subdivision, City

of Detroit Police Department (hereinafter "Police Department"), which operations
are largely conducted in Wayne County.

3. That all time hereto, Officers Travis Kostanko and William Zeolla were each law
   enforcement officers with the City of Detroit Police Department on or about May
   26, 2007.

4. This is a civil action brought pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983,
   seeking money damages against Defendants for depriving Plaintiff of his
   constitutionally protected rights under color of law.   *Remove to USDC*

5. That at all times herein mentioned, Defendant police officers were acting during
   the course of their employment, and were exceeding the scope of their authority,
   while acting under color of state law.

6. That all times relevant hereto, the City of Detroit, employed the Defendant
   officers and is liable for the acts of its deputy officers.   *No its not !*

7. That all times relevant hereto, City of Detroit is also liable because it allowed
   policies, practices, and prior customs of using excessive force, which lead to this
   complaint.

8. That the amount in controversy exceeds Twenty-Five Thousand ($25,000.00)
   dollars, exclusive of interest, costs, and attorney fees.

9. That City of Detroit, is liable for all injuries proximately caused by:

   a. Intentional wrongful acts of its employees and/or agents committed during the
      course of their employment and within the scope of authority;

b.  Intentional, wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions which deprive citizens of their rights, privileges and/or immunities;

c.  All intentional and ultra vires conduct of its agents, employees, and officers; and

d.  All negligent and otherwise wrongful violations of their agents, employees and officer wrongful implementation of their ministerial duties.

10.  The events from which this cause of action arose, occurred on or about May 26, 2007, in the city of Redford, County of Wayne, State of Michigan, at approximately 10:30pm.

11.  The events out of which this cause of action arose took place at 20461 Centralia, Redford, Michigan.

12.  That Defendant police officers did, during the course of their contact with Rundel, make unjustified, unprivileged, unconsented and unlawful contact with Rundel while acting under color of state law, during the course of their employment and within apparent/implied scope of that authority, but exceeding that authority.

13.  The factual predicate of the Defendants' individual, joint and several liability, is as follows:

a.  On the above date the officers named, while on routine patrol stopped a vehicle that Rundel was driving. Rundel ran from the vehicle. The officers pursued him. Upon apprehending Rundel, the officers beat and kicked him, causing Rundel to suffer severe injuries.

- 3 -

    b.  Rundel was transported to Botsford Hospital where he was diagnosed with an acute closed head injury and closed nasal bone fracture, along with multiple bruises and contusions on his body.

    c.  He remained in the hospital until his discharged on May 28, 2007.

14.    The actions of the individual officers were intentional, unjustified, negligent, grossly negligent, wanton, reckless, deliberately indifferent, malicious, and oppressive without regard to human dignity or presence.

15.    That as a direct and proximate result of the aforementioned wrongful conduct, Rundel suffered the following injuries:

    a.  abrasions to his face;

    b.  a swollen left eye;

    c.  fracture of his nasal bones;

    d.  closed head injury;

    e.  other disorders caused by the head injury;

    f.  cracked teeth; and

    g.  injury to left foot

Count I

42 U.S.C §1983 – Constitutional Deprivation

Individual Police Officer Defendants

16.    Rundel realleges all prior paragraphs as though fully restated herein.

17.    At all times mentioned herein, while the individual officers were acting under the color of statute, ordinances, regulations and/or customs of the State of Michigan, County of Wayne, City of Detroit, when they subjected Rundel to a deprivation of

his rights, privileges, and immunities secured to him by the Constitutions and laws of the United States and State of Michigan.

18. The Civil Rights Act, 42 U.S.C. §1983, provides for civil liability for the deprivation of any right, privilege or immunity secured by the Constitution and laws of the United States while committed under color of law.

19. The individual officers are civilly liable to Rundel pursuant to 42 U.S.C. §1983 as all of the above-described negligent, grossly negligent, reckless, wanton, malicious and/or intentional acts and omissions of the individual officers, as set forth above in the common allegations were committed under color of law, subjected Rundel to the deprivation of his rights, privileges and immunities secured by the United State Constitution, against excessive force as exercised by the individual officers herein.

20. The individual officers are liable to Rundel under the United State and Michigan Constitutions for all of the aforementioned negligent, grossly negligent, reckless, wanton, malicious and/or intentional acts and omissions, including failure to train, practices and policies of the Police Department while committed under color of law, which resulted in the deprivation of Rundel's liberty and health without due process of law and the inflicting of cruel and unusual punishment upon Rundel, all of which were the proximate cause of Rundel's injuries.

21. As a direct and proximate result of the aforementioned wrongful conduct and Constitutional violations, Rundel suffered the following injuries:

a. abrasions to his face;

b. a swollen left eye;

    c.   fracture of his nasal bones;

    d.   closed head injury;

    e.   other disorders caused by the head injury;

    f.   cracked teeth; and

    g.   injury to left foot

WHEREFORE, Rundel seeks judgment against the police officers individually, jointly and severally, for damages in whatever amount in excess of Twenty-Five Thousand ($25,000.00) dollars to which Rundel is entitled which is reasonable, fair, just, plus costs, interest, and attorney fees together with punitive damages.

<u>Count II</u>

<u>Violation of Ministerial Duties</u>

22.    Rundel realleges all prior paragraphs as though fully restated herein.

23.    At all relevant times herein, the individual officers had the following ministerial duties, notwithstanding their standard duty of care;

    a.   to avoid the use of excessive, undue force in the apprehension of Rundel;

    b.   to obey all statutes, rules, regulations, and applicable laws; and

    c.   to preserve the peace and protect the lawful rights of citizens.

24.    That all of the individual officers breached, in a negligent, grossly negligent, reckless, wanton, malicious and/or intentional fashion, one or more of the aforesaid ministerial duties by:

    a.   negligently,  grossly negligently, recklessly, wantonly, maliciously and/or intentionally refusing to use due care during the arrest of Rundel;

    b.  negligently, grossly negligently, recklessly, wantonly, maliciously and/or intentionally refusing to obey those statues, rules, and regulations and applicable laws pertaining to the arrest, detention, and general treatment of persons in Rundel's situation; and

    c.  negligently, grossly negligently, recklessly, wantonly, maliciously and/or intentionally failing to preserve the peace and protect the lawful rights of Rundel.

25.    That as a direct and proximate result of the aforementioned wrongful conduct, Rundel suffered the following injuries:

    a.  abrasions to his face;

    b.  a swollen left eye;

    c.  fracture of his nasal bones; and

    d.  closed head injury;

    e.  other disorders caused by the head injury;

    f.  cracked teeth; and

    g.  injury to left foot

WHEREFORE, Rundel seeks judgment against the police officers individually, jointly and severally, for damages in whatever amount in excess of Twenty-Five Thousand ($25,000.00) dollars to which Rundel is entitled which is reasonable, fair, just, plus costs, interest, and attorney fees together with punitive damages.

<u>Count III</u>

<u>42 U.S.C. §1983 – Constitutional Deprivation</u>

<u>Defendant City of Detroit</u>

- 7 -

26.    Rundel realleges all prior paragraphs as though fully restated herein.

27.    At all times relevant herein, Defendant, City of Detroit, by its own custom, policy and/or practice of failing to properly recruit, psychologically pre-test, and thereafter train, evaluate, supervise, investigate, review and/or discipline its police officers, allowed one or more of the individual person Defendants to function as police officers and to use excessive force in the beating of Rundel, which violated Rundel's constitutional rights in the use of excessive force.

28.    Defendant, City of Detroit, is liable for its intentional, wanton, reckless, grossly negligent and/or negligent acts and/or omissions pursuant to customs, policies and/or practices which resulted in the beating of Rundel, which constituted excessive force in violation of the United States and Michigan Constitutions.

29.    Defendant, City of Detroit, is liable for its acts and/or omissions resulting in the violation of the Constitutions of the United States and the State of Michigan.

30.    As a direct and proximate result of the aforementioned wrongful conduct and Constitutional violations, Rundel suffered the following injuries:

    a.  abrasions to his face;

    b.  a swollen left eye;

    c.  fracture of his nasal bones; and

    d.  closed head injury;

    e.  other disorders caused by the head injury;

    f.  cracked teeth; and

    g.  injury to left foot

WHEREFORE, Rundel seeks judgment against the police officers individually, jointly and severally, for damages in whatever amount in excess of Twenty-Five Thousand ($25,000.00) dollars to which Rundel is entitled which is reasonable, fair, just, plus costs, interest, and attorney fees together with punitive damages.

Count IV

Gross Negligence

31.   Rundel realleges all prior paragraphs as though fully restated herein.

32.   At all times relevant hereto, the individual police officers were under a duty to avoid engaging in conduct so reckless as to demonstrate a substantial lack of concern for whether injury was likely to result there from to amount to gross negligence as defined in MCL 691-1407(7).

33.   The individual Defendant police officers did breach this duty by unjustifiably beating Rundel and are liable pursuant to MCL 691.1407(2).

34.   Rundel demands that Defendants' pay damages incurred, including payment of all Rundel's out-of-pocket expenses incurred as a result of Defendants' gross negligence.

WHEREFORE, Rundel seeks judgment against the police officers individually, jointly and severally, for damages in whatever amount in excess of Twenty-Five Thousand ($25,000.00) dollars to which Rundel is entitled which is reasonable, fair, just, plus costs, interest, and attorney fees together with punitive damages.

DANIEL RANDAZZO (P39935)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY WAYNE

BRIAN RUNDEL

      Plaintiff,

v.

CITY OF DETROIT, DETROIT POLICE
DEPARTMENT, OFFICER TRAVIS KOSTANKO
And OFFICER WILLIAM ZEOLLA

      Defendants.

Case:
Hon:

_____/

DANIEL RANDAZZO (P39935)
Attorney for Plaintiff
2731 S. Adams Rd., Suite 100
Rochester Hills, MI 48309
(248) 853-1003

_____/

## JURY DEMAND

      Plaintiff, Brian Rundel, by and through his attorney, Daniel Randazzo, and hereby

requests a trial by jury.

DANIEL RANDAZZO (P39935)
Attorney for Plaintiff
2731 S. Adams Rd., Suite 100
Rochester Hills, MI 48309
(248) 853-1003

Dated: March 26, 2009

- 11 -